■ HAMILTON A. TRAVER, Respondent, v J. KENDALL BETTS et al., Appellants. — Appeal from a judgment of the Supreme Court, entered June 9, 1980 in Warren County, upon a verdict rendered at a Trial Term (Graves, J.), in favor of plaintiff. The following facts were developed at trial: the defendants, J. Kendall and Eve Betts, were owners of contiguous lake-front property on the easterly shore of Lake George in Warren County. A residence was situated on the southerly lot while the northerly lot was vacant. In 1971, defendants listed the vacant lot for sale with plaintiff, Hamilton Traver, a licensed real estate broker. A survey map, dated June 16, 1971, showing the dimensions of both lots, was prepared by one Van Dusen, a licensed surveyor, and was left with plaintiff. During the ensuing years, plaintiff showed the vacant lot to various prospective purchasers and on at least four occasions walked the property lines with a prospective buyer accompanied by defendants. On each occasion plaintiff had the 1971 survey map with him. In May, 1978, Mrs. Betts telephoned plaintiff and informed him that she and her husband wished to sell the vacant lot at a price between $75,000 and $80,000. On June 10, 1978, a prospective purchaser named Cone inquired of plaintiff if lake-front property was available for purchase. Plaintiff showed Mr. Cone the Van Dusen map of the Betts' property and took him to the site where the property line markers were identified by recourse to the map. Mr. Cone brought the members of his family to the site on June 13, 1978 and, after agreeing to a negotiated purchase price of $75,000 for the vacant lot, he gave plaintiff a check in the sum of $1,000 as a down payment. On that same date, plaintiff telephoned Mrs. Betts at her home in New Jersey and informed her that he had accepted a down payment on the vacant lot. After a discussion of whether the dimensions of the vacant lot were to be as drawn in the Van Dusen map or as shown in a map drawn by a surveyor named Keyes which reserved 10 feet of lake frontage to the Betts, plaintiff testified that he and Mrs. Betts agreed that the Van Dusen map should control. A commission of $5,000 was agreed upon and Mrs. Betts informed plaintiff that she would be in Lake George on June 19, 1978 to meet Mr. Cone. On that date, plaintiff, Mr. and Mrs. Betts and the prospective purchaser, Mr. Cone, went to the site and walked the property lines and identified all markers. When they separated, Mrs. Betts volunteered to have her attorney draft the contract of sale. However, two days later, Mrs. Betts informed plaintiff that she wanted to have the sale controlled by the Keyes map so as to reserve to her and her husband 10 feet of lake front. As a consequence, the sale was not consummated and plaintiff commenced an action to recover his brokerage commission. After a trial, the jury returned a verdict in favor of plaintiff in the sum of $5,000. This appeal ensued. The principal issue assigned as reversible error by defendants was the trial court's refusal to permit defendants and their attorney to testify as to the state of mind of defendants with respect to the map to be used as the definitive statement of the lake frontage to be sold. As noted above, the Keyes map reserved 10 feet of lake frontage to defendants. The trial court did not err. The existence of a binding contract or, as here, the existence of an agreement between parties to purchase realty so as to permit recovery of a broker's commission by the realtor who brought the parties together, is not dependent upon the subjective intent of the parties. It is the objective intent of the parties as evidenced by their expressed words and deeds that controls (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397). If defendants harbored any subjective intent to sell less lake frontage than indicated in the Van Dusen map, they failed to make that intent clear on June 19, 1978 when they

negotiated the sale on the actual site of the vacant lot. Next, defendants' contention that the court's charge was prejudicial in that it suggested a conspiratorial state of mind on the part of defendants, and, further, failed to adequately marshal the facts is without merit. The use of the phrase "secret intent" in the charge was accompanied by language that clearly conveyed the thought that it was not a party's subjective or "secret intent" that governed, but only his objective intent as evidenced by his words, deeds and acts (cf. *State Bank of Albany v Hickey*, 29 AD2d 993, affd 23 NY2d 910). Since the trial was brief, the court more than adequately marshaled the simple facts that the jury should consider in determining whether plaintiff procured a buyer on defendants' terms. Lastly, the exception to the Statute of Frauds for real estate brokers' agreements as provided by section 5-701 (subd a, par 10) of the General Obligations Law is not violative of the equal protection clauses of the United States Constitution or the Constitution of the State of New York. The greater degree of knowledge and experience of licensed real estate brokers serves as a rational basis for their exclusion from the requirements of the Statute of Frauds. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.